UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL LEO DAVIS,

    Petitioner,

v.                                       Case No. 16-C-747

UNITED STATES OF AMERICA,

    Respondent.

## DECISION AND ORDER

On June 17, 2016, Petitioner Carl Leo Davis filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence as a career offender under §§ 4B1.1 and 4B1.2 of the United States Sentencing Guidelines for a series of armed bank robberies he committed some twenty-five years earlier. He argues that the residual clause of the career offender provision of the Guidelines is unconstitutionally vague in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that he would not otherwise qualify as a career offender under the Guidelines.

This case was stayed on August 10, 2016 to await the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court issued its decision in *Beckles* on March 6, 2017. This court subsequently lifted the stay, and the parties completed briefing in this matter. For the following reasons, I find that Davis' § 2255 motion was not filed within the one-year limitation period set forth in 28 U.S.C. § 2255(f)(1). Therefore, his motion will be denied and the case dismissed.

## BACKGROUND

In 1991, Davis was charged with six counts of armed bank robbery, being a felon in possession of a firearm, and using a firearm to commit a crime of violence in violation of 18 U.S.C. § 924(c). *See* Case No. 91-cr-253 (E.D. Wis.). He was 27 years old at the time. Pursuant to his plea agreement with the government, Davis pled guilty to two counts of bank robbery by the use of a dangerous weapon and two counts of use of a firearm to commit a crime of violence. In exchange, the government agreed to dismiss the remaining counts. As part of the plea agreement, Davis admitted that he had two prior convictions under Wisconsin law at the time of his sentencing—robbery and armed robbery—which made him a career offender under the United States Sentencing Guidelines.

According to the sentencing table in the Guidelines, which were mandatory at the time of Davis' sentencing, the appropriate sentence for a career offender charged with bank robbery by use of a dangerous weapon was 210 to 262 months. Judge Terence Evans imposed a sentence that was on the low end of the Guidelines' range, sentencing Davis to 210 months for the bank robbery charges to run concurrently. The court also sentenced Davis to the mandatory minimum 60 months for the charge of possession of a firearm to commit a crime of violence, to run consecutive to the bank robbery charges, and to the mandatory minimum 240 months for the second charge of possession of a firearm, to run consecutive to the other charges. In all, the court imposed a sentence of 510 months, or 42½ years, of incarceration. Davis did not appeal his sentence or judgment of conviction. On April 7, 1993, Davis' bank robbery sentence was reduced by 57% to 120 months, reducing his total sentence to 35 years.

On April 19, 2013, Davis wrote a letter to the court, indicating that after 22 years in prison he was a changed man and requested that the court reduce his sentence. Judge Charles Clevert, Jr., to whom the case had been reassigned, responded to Davis' letter, noting that he had no authority to modify Davis' sentence. On September 23, 2013, Davis filed a motion pursuant to Federal Rule of Civil Procedure 60(b), arguing that he should not be considered a career offender in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). The court denied Davis' motion because Rule 60(b) does not apply in criminal cases. The court explained that the proper avenue to challenge his sentence is through 28 U.S.C. § 2255. Davis responded to the court's order through a letter, indicating that he would have filed a § 2255 motion to vacate, set aside, or correct his sentence if he had known that was what he needed to do. The court sent Davis the district's standard form for filing a § 2255 motion to provide clarity if Davis chose to file such a motion. Davis never filed a § 2255 motion, but on August 27, 2015, moved for the appointment of counsel to litigate a claim pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). His request was forwarded to the Federal Defender Services of Wisconsin, Inc., who assisted Davis in filing the current § 2255 motion.

## ANALYSIS

Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). Relief under § 2255 is "limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect, which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). The government argues that Davis' petition should be dismissed for three reasons: (1) Davis' attack upon a decades-old conviction is time-barred and does not fall within any of the exceptions to the one-year

3

statute of limitations; (2) Davis has procedurally defaulted a collateral attack on the vagueness of the career-offender guideline by not raising such an argument in a direct appeal; and (3) Davis' challenge pursuant to the Supreme Court's holding in *Johnson* does not survive the Court's recent decision in *Beckles*. For the reasons below, I find that Davis' motion is barred by the one-year limitation period in 28 U.S.C. § 2255(f)(1). I therefore decline to address the government's alternative arguments.

As a threshold matter, the government asserts that Davis' § 2255 motion to vacate, set aside, or correct his sentence is untimely. Because Davis filed his petition more than two decades after his sentence and judgment of conviction became final, his petition would ordinarily be barred pursuant to § 2255(f)(1)'s one-year limitation period. Yet, the initial date of the limitation period may change depending on one of four possible scenarios. § 2255(f)(1)–(4). Davis relies on § 2255(f)(3) to support his assertion that his motion is not untimely. Section 2255(f)(3) provides that the one-year limitation period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). He asserts that his motion is timely because he filed it within one year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which he argues established a new "right" applicable to his case.

In *Johnson*, the petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *Id.* at 2556. Prior to sentencing, the government requested an enhanced sentence in accordance with the Armed Career Criminal Act (ACCA), arguing that three of the petitioner's previous offenses—including his unlawful possession of a short-barreled shotgun in violation of Minn. Stat. § 609.67—qualified as violent felonies within the meaning of the Act. *Id.*

4

Under the sentencing regime established by the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Id.* at 2555. In fact, the ACCA dramatically increases the penalties for simple possession of a firearm by a felon from a maximum term of ten years to a mandatory minimum term of fifteen years. 18 U.S.C. § 924(e)(1).

> The ACCA defines "violent felony" as
>
> any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involved use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). This italicized portion is known as the ACCA's residual clause. *Johnson*, 135 S. Ct. at 2556. The district court in *Johnson* found that the petitioner's previous offenses qualified as violent felonies under the residual clause and sentenced him to a fifteen-year prison term. *Id.* In his petition for certiorari, the petitioner challenged whether Minnesota's offense of unlawful possession of a short-barreled shotgun is a violent felony under the ACCA's residual clause. After the initial oral argument, the Court invited the parties to reargue "the compatibility of the residual clause with the Constitution's prohibition of vague criminal laws." *Id.*

The Supreme Court ultimately found that the ACCA's residual clause was unconstitutionally vague. *Id.* at 2563. The Court held that imposing an increased sentence under the ACCA's residual clause violated a defendant's right to due process under the Fifth Amendment. *Id*. Subsequently, in *Welch v. United States*, the Supreme Court found that "*Johnson* announced a new substantive rule" that applied retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). Specifically, the Court acknowledged that *Johnson* "changed the substantive reach of the Armed

5

Career Criminal Act, altering the range of conduct or the class of person that the Act punishes." *Id.* at 1265 (internal quotation marks omitted). Therefore, defendants whose criminal cases were final at the time the Court decided *Johnson* had one year from June 26, 2016, the date on which the case was issued, to seek *Johnson*-based relief under § 2255.

The career offender provision of the United States Sentencing Guidelines under which Davis was sentenced is in certain respects similar to the ACCA. Like the ACCA, the career offender provision of the United States Sentencing Guidelines was intended to increase the sentences of defendants with previous convictions for crimes of violence by limiting the discretion of the sentencing judge. The Sentencing Guidelines definition of a "crime of violence" contains a residual clause that is identical to the one in the ACCA that *Johnson* found unconstitutionally vague. Section 4B1.2 defines a "crime of violence" as one "punishable by imprisonment for a term exceeding one year" that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G.§ 4B1.2 (1990) (emphasis added).

But the career offender provision of the Guidelines operates in a significantly different manner than the ACCA. Whereas the ACCA mandates a sentence five years above the statutory maximum that otherwise applies for the crime of possession of a firearm by a felon, the career offender provision of the Guidelines merely results in a higher sentence range for the crime of conviction, subject to the original statutory maximum for that crime. In other words, unlike the

6

ACCA, the career offender provision of the Guidelines does not increase the maximum sentence that the offender is facing and mandate the imposition of such sentence. Given this difference, nothing the Court said in *Johnson* required the conclusion that the Guidelines' career offender provision was likewise susceptible to a vagueness challenge.

Because this question was left unanswered by the Supreme Court, Courts of Appeals reached varying decisions on whether a constitutional vagueness challenge could apply to the Guidelines and whether such a rule should be retroactively applied to cases on collateral attack. *See, e.g.*, *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) (*Johnson* does not invalidate the Guidelines' § 4B1.2's residual clause); *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016) (*Johnson* created substantive rule that may be retroactive as to Guidelines); *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (holding that Guidelines' residual clause is unconstitutionally vague): *In re Patrick*, 833 F.3d 584 (6th Cir. 2016) (*Johnson* established a new rule that was previously unavailable to challenges to Guidelines' residual clause); *Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016) (*Johnson* is not retroactive as to the Guidelines); *In re Arnick*, 826 F.3d 787 (5th Cir. 2016) (*Johnson* is not retroactive to cases on collateral review challenging sentences under Guidelines' residual clause); *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016) (petitioner cannot challenge Guidelines as unconstitutionally vague). The Supreme Court granted certiorari in *Beckles v. United States*, 137 S. Ct. 886 (2017), to resolve this circuit split. In *Beckles*, the petitioner, who was sentenced under the post-*Booker* advisory Sentencing Guidelines, asserted that the Guidelines' residual clause was void for vagueness. *Id.* at 890. To the surprise of many, the Court rejected this argument and held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause" because the Guidelines were not a statute that fixed sentences like

7

the ACCA. *Id.* at 895. Accordingly, the court found that "§ 4B1.2(a)'s residual clause is not void for vagueness." *Id*.

Undeterred, Davis nevertheless argues his claim is not barred by the Supreme Court's decision in *Beckles* because that case focused solely on the current advisory Sentencing Guidelines, while he was sentenced under the pre-*Booker* mandatory Guidelines. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that previously mandatory sentencing guidelines are "effectively advisory"). He further argues that pre-*Booker*, the career offender provision of the Guidelines operated in essentially the same way as the ACCA, and thus pursuant to the new right recognized in *Johnson*, his motion, which was filed on June 17, 2016, was timely filed in accordance with § 2255(f)(3). The parties dispute the scope of the new right recognized by the Court in *Johnson*. Davis suggests that the right newly recognized by the Supreme Court is the right to be resentenced without a vague residual clause. Conversely, the government argues there is no Supreme Court precedent that recognizes the due process right claimed by Davis, much less any authority that applies that right retroactively on collateral review.

Neither the Seventh Circuit, nor any district court within the circuit, appears to have decided whether a motion raising a *Johnson*-based challenge against the mandatory Guidelines' residual clause is properly raised pursuant to § 2255(f)(3). The majority of courts outside the circuit that have addressed this issue, however, have dismissed § 2255 motions as untimely. *See, e.g.*, *Mitchell v. United States*, No. 3:00-CR-00014, 2017 WL 2275092, at *5 (W.D. Va. May 24, 2017) ("Because the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague—and did not do so in *Johnson II*—Petitioner's motion is untimely under § 2255(f)(3)."); *United States v. Kenney*, No. 1:92-CR-22, 2016 WL

8

7117919, at \*4 (M.D. Pa. Dec. 7, 2016) ("In this case, we find that Defendant's motion seeks to assert a new right that has not yet been recognized by the Supreme Court. Instead, Defendant urges the creation of a second new rule that would apply *Johnson* and the constitutional vagueness doctrine to a provision of the then-mandatory sentencing guidelines." (internal citations and quotation marks omitted)); *United States v. Mason*, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at \*4 (E.D. Wash. Nov. 16, 2016) ("Though this court is not barred from applying new rules to different factual contexts, in asking this court to apply *Johnson* to invalidate his sentence, Mason asks this court to forge its own rule. . . . Until further pronouncement from the Supreme Court, Mason's collateral attack on the crime of violence definition under the Guidelines does not meet the requirements of § 2255(f)(3)."); *United States v. Donnell*, Case No. 8:07-CR-356-T-23MAP, 2016 WL 3525213, at \*2 (M.D. Fla. 2016), *appeal dismissed* (Oct. 14, 2016) ("Donnell was sentenced as a career offender under Section 4B1.1, United States Sentencing Guidelines, not under 18 U.S.C. § 924(e) . . . as a consequence, neither *Johnson* nor *Welch* applies to Donnell."). Simply put, these district courts have concluded that the Supreme Court's holding in *Johnson* did not create a newly-recognized right that allows petitioners to challenge the constitutionality of their sentence under the mandatory Guidelines' residual clause, and therefore, the petitioners cannot file their motions pursuant to § 2255(f)(3). I find the reasoning of these cases persuasive.

As these courts have recognized, the Supreme Court's decision in *Johnson* is not as broad as petitioners like Davis suggest. The District Court for the Western District of Virginia noted that

> [t]he breadth of a right under § 2255(f)(3) is also limited by the fact that the right must be "newly recognized." Necessarily, then, a right announced in a case for § 2255(f)(3) purposes cannot be a broad legal principle unless that principle itself is new. For instance, the right under *Johnson II* could not have been the broad right

9

to not be subject to vague criminal laws, as that right had been recognized long
before *Johnson II* was decided.

*Mitchell*, 2017 WL 2275092, at *3. In other words, a petitioner cannot benefit from § 2255(f)(3) merely because a new right is tangentially relevant to his case. *See Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) (observing that the "flurry of filings in the district courts after *Price* [*v. United States*, 795 F.3d 731 (7th Cir. 2015)], which became a blizzard after *Welch*, depends on a belief that *Johnson* reopens all questions about the proper classification of prior convictions under the Guidelines and the Armed Career Criminal Act. But the sole holding of *Johnson* is that the residual clause [of the ACCA] is invalid."). In *Beckles*, the Supreme Court has now held that *Johnson* does not afford relief to individuals sentenced under the Guidelines as career offenders post-*Booker*, but the Court has yet to address the issue raised here of whether the same rule applies to sentences imposed pre-*Booker*. Because the Court has yet to even address the claim asserted by Davis, it cannot be said that the right he asserts was "newly recognized" by the Court. The only right recognized in *Johnson* was established in its holding: that the ACCA's residual clause is unconstitutionally vague in violation of the Due Process Clause of the Constitution.

Davis seeks to avoid this result by broadly construing *Johnson* to control in cases in which the ACCA was not at issue. But as *Beckles* clearly shows, the rationale of *Johnson* does not readily apply to the Guidelines. Broadly construing a case such as *Johnson* to cover issues that it did not address is inconsistent with the important purposes underlying the procedural barriers created by § 2255:

> It is clear that there must be some limit to the concept of a right under § 2255(f)(3). If petitioners were permitted to overcome the time limitation of § 2255(f)(3) simply because a newly recognized right had some relevance to their case, the procedural safeguard would be rendered essentially meaningless. *See United States v. Mason*,

10

> No 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *4 (E.D. Wash. Nov. 16, 2016) ("Section 2255 does not permit a [movant] to cite Supreme Court authority in name only as a hook to ask the court to consider the merits of an argument unrelated to or distinct from the new rule recognized by the Court.").

*Mitchell*, 2017 WL 2275092, at *3 (alterations in original). Section 2255's one-year limitation period ensures that petitioners are expeditiously challenging the constitutionality of their sentences. To allow otherwise would "permit challenges far too stale to be brought in their own right, and sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly." *See Daniels v. United States*, 532 U.S. 374, 383 (2001). While the limitation period created by § 2255 can lead to questionable results, the court cannot rewrite § 2255 or ignore its dictates to avoid those results. *See Dodd v. United States*, 545 U.S. 353, 359 (2005). Based on the purpose of § 2255's barriers to filing motions to vacate, set aside, or correct sentences, this court agrees with the district courts that have concluded that the newly-recognized right in *Johnson* is limited to the Court's holding, not the broader expectation to be free from a sentence arguably impacted by vague sentencing guidelines.

Davis' argument also ignores the fundamental difference between the manner in which the ACCA and the career offender provision of the Sentencing Guidelines, both pre- and post-*Booker*, function. Even though the Guidelines' residual clause is identical to the one contained in the ACCA, Davis' argument that the mandatory Guidelines' residual clause is unconstitutionally vague fails because *Johnson* announced no new right that applies to the Guidelines. It is true that pre-*Booker*, when the Guidelines were in most cases mandatory, qualifying as a career offender removed the sentencing court's discretion to impose a below-Guidelines sentence. But that is not the same as

11

mandating a sentence five years above the statutory penalty for the crime. As the Eleventh Circuit has explained, the difference is legally significant:

> The Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge. . . . The limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. The Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large. . . . Due process does not mandate notice of where, within the statutory range, the guidelines sentence will fall.

*Griffin*, 823 F.3d at 1354 (internal citations omitted); *see also Hurlburt*, 835 F.3d 715, 726 (Hamilton, J., dissenting) ("[T]he residual clauses in the Armed Career Criminal Act and the advisory Sentencing Guidelines have identical language, but their legal effects differ in a fundamental way. That difference should lead to different answers on the issue of constitutional vagueness."). In short, the Supreme Court has not held that the Guidelines' residual clause is unconstitutionally vague, and Davis cannot assert that this right was "newly recognized" by the Court in *Johnson*.

Finally, even if the holding in *Johnson* that the residual clause of the ACCA is unconstitutionally vague was held applicable to the Guidelines and given retroactive effect, it is doubtful that Davis would be entitled to relief. This is because at the time he was sentenced in 1992, Davis's prior simple robbery predicate conviction that he now challenges qualified as a "crime of violence" under the "force clause" of the career offender provision. Under the "force clause," a prior felony conviction is for a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2. The Wisconsin statute under which Davis was convicted defines robbery as taking property from another with intent to steal:

12

> (a) By using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property; or
>
> (b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner, to acquiesce in the taking or carrying away of the property.

Wis. Stat. § 943.32(1) (1983–84). In *United States v. Otero*, the Seventh Circuit held that simple robbery in violation of Section 943.32(1) of the Wisconsin Statutes constituted a crime of violence for purposes of U.S.S.G. § 4B1.2(a). 495 F.3d 393, 401 (7th Cir. 2007). Thus, whether or not *Johnson*'s holding on the residual clause applies is irrelevant. The Supreme Court has never held that the force clause of the ACCA is unconstitutional, and so Davis would remain a career offender in any event.

Relying on Judge Adelman's recent decision in *Robinson v. United States*, 188 F. Supp. 3d 857 (E.D. Wis. 2016), Davis argues that *Otero* was fatally undermined by the Supreme Court's earlier *Johnson* decision, *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010), which held as a matter of statutory construction that the phrase "physical force," as used in the ACCA's definition of a crime of violence means "violent force." In *Robinson*, Judge Adelman analyzed Wisconsin cases interpreting the State's robbery statute and concluded that simple robbery did not require the use of "violent force" as defined in *Curtis Johnson*. Judge Adelman thus concluded that simple robbery under Wisconsin law does not qualify as a crime of violence for purposes of the ACCA. 188 F. Supp. 3d at 865. The difficulty with this argument, of course, is that a district judge's opinion on a matter of statutory construction does not trigger a new one-year limitation period in which to file a petition for relief under § 2255. Importantly, the government did not assert timeliness as a defense in *Robinson*. It has done so here.

13

Whether his argument is viewed under the residual clause or the force clause, Davis is essentially asking this court to apply a rule or recognize a right to his case that has not been recognized by the Supreme Court. Even if this court were to recognize this right on its own, Davis would not be able to rely on § 2255(f)(3) to raise this challenge because the right must be "newly recognized" by the Supreme Court, not a lower court. Until the Supreme Court announces a new rule that allows petitioners to overcome § 2255's procedural barriers to challenge the applicability and/or constitutionality of the mandatory Guidelines' career offender provision more than twenty years after his conviction and sentence, Davis cannot rely on § 2255(f)(3) to file his motion. Accordingly, Davis' § 2255 motion must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, Davis' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case **DISMISSED**. The Clerk is directed to enter judgment as set forth herein. Because I conclude, however, that Davis has raised a substantial constitutional question, and has presented substantial arguments seeking to overcome the procedural obstacles asserted by the government, a certificate of appealability will issue on the question decided by this court, namely, whether his claim is time-barred under 28 U.S.C. § 2255(f)(3).

**SO ORDERED** at Green Bay, Wisconsin this  21st  day of July, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court